

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,635-01

### EX PARTE AMBER LYNN HAUGEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. A-16-1450-CR IN THE 70TH DISTRICT COURT
### FROM ECTOR COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of super-aggravated sexual assault of a child and sentenced to life imprisonment without possibility of parole. The Eleventh Court of Appeals affirmed her conviction. *Haugen v. State*, No. 11-17-00305-CR (Tex. App. — Eastland October 31, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that trial counsel was ineffective because trial counsel failed to strike biased jurors, and that she was denied her right to testify on her own behalf.

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. Specifically, trial counsel shall state whether he believed that venire members Carolina Venegas, Randi Pineda and Gregory Swenton made statements during *voir dire* that could have led to successful challenges for cause or peremptory challenges, and if so, why trial counsel did not challenge or exercise peremptory strikes on those venire members. Trial counsel shall also state whether he advised Applicant that the decision of whether or not to testify on her own behalf was Applicant's decision to make, and whether Applicant expressed a desire to testify on her own behalf at either the guilt or punishment stage of trial. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall first supplement the record with a copy of the *voir dire* transcript. The trial court shall then make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings and conclusions as to whether Applicant was denied the right to testify on her own behalf. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from

the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 19, 2021
Do not publish